IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH HENSLEY,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER<br><br>Case No. 2:14-cv-738 BCW<br><br>Magistrate Judge Brooke Wells |

Plaintiff Elizabeth Hensley seeks review of the denial of her application for supplemental security income (SSI).[1] After careful consideration of the record and the briefs, the Court has determined that oral argument is unnecessary and decides this case based upon the record before it. For the reasons set forth below, the Court affirms the decision of the Administrative Law Judge (ALJ).[2]

## BACKGROUND[3]

Ms. Hensley applied for SSI on August 20, 2010, alleging disability beginning November 30, 2007. After Plaintiff's claims were denied initially and on reconsideration an ALJ held a hearing at Ms. Hensley's request. Plaintiff was 23 years old at the time of the ALJ's decision, has a high school education with some college and has never worked at the substantial gainful activity level.[4] Plaintiff initially alleged disability due to a tumor on her left hand.[5] Later Plaintiff also asserted that back pain, joint pain, headaches and dizziness contributed to her

---

[1] Complaint p. 2, docket no. 3.
[2] Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).
[3] The parties fully set forth the background of this case, including the medical history, in their memoranda. The Court does not repeat this background in full detail. The reader desiring a more extensive history is directed to the record and briefing of the parties.
[4] Tr. 46, 70, 170, 172, 181 (Tr. refers to the transcript of the record before the undersigned).
[5] Tr. 180, 186.

disability.[6] Ms. Hensley and Kent Granite, a vocational expert (VE) testified at the hearing. The ALJ issued a decision on December 14, 2012, finding Ms. Hensley not disabled.[7] The Appeals Council denied Plaintiff's request for review on August 8, 2014.[8] This appeal then followed.

During the hearing Ms. Hensley testified that she was left-handed and could no longer use her left hand, was nauseous quite often, suffered from being dizzy, and had joint pain, back pain and headaches.[9] She had done some volunteer work stocking shelves until about December 2011 but had to give it up due to getting nauseous and dizzy. Plaintiff stated that doctors did not want her as a patient anymore because they did not want to complete the forms she brought for her vocational counselor.[10] Ms. Hensley quit taking several of her prescribed medications and was just taking Prilosec.[11] Plaintiff testified she quit taking them because they did not work and she did not like the side effects.[12] She also stated that her boyfriend did most of the day-to-day activities due to her ailments.[13] Plaintiff testified, however, that she did do some things such as taking her daughter to preschool, going shopping with her boyfriend, performing some household chores and playing with her daughter.

Mr. Granite, the VE, testified that someone of Plaintiff's age and background with the functional limitations set forth by the ALJ could perform unskilled jobs such as school bus monitor, surveillance system monitor and sales attendant.[14]

---

[6] Tr. 76-77.
[7] Tr. 56.
[8] Tr. 11-15.
[9] Tr. 95-96.
[10] Tr. 75-76.
[11] Tr. 77-78.
[12] Tr. 77.
[13] Tr. 86-88.
[14] In the hypothetical the ALJ stated that the hypothetical individual was unlimited in the use of her left upper extremity yet this same individual "should never use the left upper extremity for reaching, handling, fingering or feeling." Tr. 98. The court agrees with the Government's position that this was a misstatement by the ALJ. Because the VE was present and heard Plaintiff's testimony concerning her limitations with her left arm the ALJ's contradictory statements regarding this arm were harmless. *See Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990) (stating that the fact that the VE was present and heard testimony about claimant's alleged

In her decision the ALJ followed the required sequential five-step evaluation process for determining whether an individual is disabled.[15] At step one the ALJ found that Plaintff had not engaged in substantial gainful activity since filing her SSI application.[16] The ALJ found Plaintiff had the severe impairments of left wrist and hand hemangioma, arteriovenous malformation with postural orthostatic tachycardia syndrome (POTS), chronic migraine headaches, vasovagal mediated neurogenic cardiac syncopal syndrome, mild scoliosis, and a mental impairment variably diagnosed to include major depressive disorder, PTSD, and a panic disorder without agoraphobia at step two.[17] At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that met or medically equals a Listing set forth in 20 C.F.R. part 404, subpart P, appendix 1.

Next at step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work with certain limitations including never using her left upper extremity for reaching, handling, fingering, or feeling and limiting other activities.[18] The analysis then moved to step five, where the ALJ considered Ms. Hensley's RFC and found that based upon the VE testimony and her RFC, Plaintiff could perform the jobs of school bus monitor, surveillance system monitor, and sales attendant.[19] Therefore Ms. Hensley was not disabled.

---

impairments suggests the effect of any error in hypothetical was minimal); *Gay v. Sullivan*, 986 F.2d 1336, 1341 n.1 (10th Cir. 1993) (ALJ's failure to include work stress limitation in hypothetical harmless where the VE heard claimant relate his depression to difficulty in completing work under the pressure of multiple assignments). Moreover, on appeal Plaintiff has not objected to the VE's testimony so any arguments regarding it are waived. *See Keyes-Zachary*, 695 F.3d at 1161 ("We will consider and discuss only those of [the plaintiff's] contentions that have been adequately briefed for our review.").

[15] *See* 20 C.F.R. § 416.920; *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (summarizing five step process).
[16] Tr. 46.
[17] *Id.*
[18] Tr. 49.
[19] Tr. 55.

## STANDARD OF REVIEW

The Court reviews "the ALJ's decision only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record."[20] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[21] It requires more than a scintilla, but less than a preponderance.

Additionally, the ALJ is required to consider all of the evidence; however, the ALJ is not required to discuss all the evidence.[22] In reviewing the ALJ's decision the Court evaluates the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[23] The Court, however, may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]."[24] Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.[25] Further, the Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'"[26]

## ANALYSIS

On appeal Ms. Hensley argues the ALJ failed in assessing her credibility and the ALJ's decision is not supported by substantial evidence. Plaintiff asserts that the "ALJ made errors by not making every reasonable effort to obtain available information about [her] condition and by not making findings supported by the evidence in the care record."[27]

---

[20] *Madrid v. Barnhart*, 447 F.3d 788, 790 910th Cir. 2006).
[21] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).
[22] *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2000).
[23] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).
[24] *Lax*, 489 F.3d at 1084 (citation omitted).
[25] *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).
[26] *Lax*, 489 F.3d at 1084 (quoting *Zoltanski*, 372 F.3d at 1200).
[27] Opening brief p. 4, docket no. 15.

The ALJ discounted Ms. Hensley's credibility finding that her statements regarding the "intensity, persistence and limiting effects of these symptoms are not credible" and were inconsistent with the RFC assessment.[28] As support for this conclusion, the ALJ pointed to a number of factors including *inter alia*: Plaintiff's medical providers declining her invitation to fill out disability forms;[29] Plaintiff's intent to continue going to doctors until she found someone who would complete her disability forms like she wanted;[30] the opinions of other physicians in the record that did not support Ms. Hensley's alleged limitations;[31] the lack of corroborating medical evidence regarding Plaintiff's alleged dizziness and syncope;[32] and Plaintiff's daily activities including her failure to disclose the involvement she had caring for her boyfriend's children.[33]

The court's analysis of an ALJ's credibility findings is guided by the Tenth Circuit opinion in *Kepler v. Chater*.[34] There the Tenth Circuit stated: "'[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence.'"[35] However, "'[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'"[36]

---

[28] Tr. 49.
[29] Tr. 50 ("Dr. Hutchinson reported he could not complete the form, as she requested, because she had a perfectly good right hand."
[30] Tr. 50.
[31] Tr. 51-53.
[32] Tr. 51.
[33] Tr. 54.
[34] 68 F.3d 387, 391 (10th Cir. 1995).
[35] *Kepler*, 68 F.3d 387, 391 (quoting *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990)).
[36] *Id.* (quoting *Huston v. Bowen*, 838 F.2d 1125, (10th Cir. 1988)) (footnote omitted); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir.1992) (ALJ "must articulate specific reasons for questioning the claimant's credibility" where subjective pain testimony is critical); *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 261 (2d Cir.1988) ("failure to make credibility findings regarding ... critical testimony fatally undermines the Secretary's argument that there is substantial evidence adequate to support his conclusion that claimant is not under a disability").

After examining the record, the court is persuaded that the ALJ's credibility findings are closely and affirmatively linked to substantial evidence.[37] Ms. Hensley's arguments to the contrary are not supported by the record and basically constitute an invitation to engage in an impermissible reweighing of the evidence where the undersigned would be required to substitute judgment for that of the Commissioner. The court declines this invitation.[38]

## CONCLUSION

Finding the ALJ's decision supported by substantial evidence and finding no reversible error in the Commissioner's denial of benefits, the Court AFFIRMS the decision of the Commissioner. The Clerk of the Court is directed to close this case.

DATED this 26 April 2016.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[37] See *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988).

[38] See *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) ("We consider whether the ALJ followed the 'specific rules of law that must be followed in weighing particular types of evidence in disability cases,' but we will not reweigh the evidence or substitute our judgment for the Commissioner's.") (quotations and citations omitted); *Qualls v. Apfel*, 206 F.3d 1386, 1371 (10th Cir. 2000) ("In conducting our review, we may neither reweigh the evidence nor substitute our judgment for that of the Commissioner.").